# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-72418-FJS |
| TORY HEATH HESTER, ) | |
| ETOY ANTONNETTE HESTER, ) | |
| ) | Chapter 13 |
| *Debtors*. ) | |
| ) | |

## ORDER TO SHOW CAUSE

The Debtors filed the above-captioned case, by counsel, on July 15, 2015. The Debtors filed an amended chapter 13 plan on September 22, 2015, that was confirmed without objection by order entered on November 9, 2015 (the "Confirmed Plan"). The Confirmed Plan is a sixty-month plan that provides for total funding of $150,960.00, with a one (1) percent distribution to unsecured creditors. The Debtors filed a second amended chapter 13 plan on August 14, 2019 (the "Amended Plan"). The Amended Plan is also a sixty-month plan, which increases total funding by approximately $5,000.00 and provides for an eighteen (18) percent distribution to unsecured creditors. The sixty-month plan term ends in June 2020. The Court scheduled a confirmation hearing on the Amended Plan for September 24, 2019 (the "Confirmation Hearing"). Although the Chapter 13 Trustee cancelled the Confirmation Hearing on the Amended Plan, indicating he had reached a consent resolution to his objection to confirmation that anticipated the filing of an amended plan, the Court reinstated the Confirmation Hearing to the docket. Counsel for the Debtors, counsel for the Chapter 13 Trustee, and the Chapter 13 Trustee appeared at the Confirmation Hearing.

The Court convened the Confirmation Hearing because, upon review of the Amended Plan, it appeared to the Court that the Debtors may have accumulated and spent undisclosed income

over the course of this case. Specifically, Schedule I filed in support of the Confirmed Plan indicates that Mr. Hester's gross annual income was $87,000.00. *See* Confirmed Plan at 8, ECF No. 18. Schedule I also states that Mr. Hester had been employed as a Field Engineer with UrsaNav dating back to June 25, 2015, but began new employment with Xator Corporation on September 2, 2015, at a salary of $87,000.00 per year. *Id.* at 9. However, Amended Schedule I filed in support of the Amended Plan, lists Mr. Hester's gross annual income as a Field Engineer with Xator Corporation as $183,767.76, which is more than double the gross income listed in the Confirmed Plan. *See* Amended Plan at 7, ECF No. 40. Amended Schedule I also confirms that Mr. Hester began his employment with Xator Corporation approximately four years prior—in September 2015—as indicated in the Confirmed Plan. *Id.*

Further, the budget filed in support of the Amended Plan indicates that the Debtors' monthly expenses have nearly tripled from $3,308.40 under the Confirmed Plan to $8,925.43 under the Amended Plan. Approximately thirty-five (35) percent of the increase in monthly expenses is attributable to the addition of new expenses for their children's participation in dance and soccer, which expenses total nearly $2,000 per month. *See id.* at 10. The Debtors also made substantial increases to other preexisting expenses, including but not limited to, cell phone service, food and housekeeping supplies, medical and dental expenses, transportation, and miscellaneous expenses. *Compare id.*, *with* Confirmed Plan at 11.

Given the drastic increase in Mr. Hester's gross income and the Debtors' spending, the Court expressed at the Confirmation Hearing its concerns that the Debtors may have undisclosed income dating as far back as September 2015, and that this income may have been allocated in significant part to discretionary expenses rather than to the Debtors' creditors. The Court determined that the Debtors would be given an opportunity to address these concerns in the context

of another amended plan. Given that Mr. Hester works overseas and based upon counsel for the Debtors' representations that Mr. Hester would return home for the month of December, the Court also determined that the Debtors and their counsel should have significantly longer than is typical to complete the review necessary to propose another amended plan. However, the Court expressed its reluctance to unduly prolong addressing the issues in this case since the Debtors are nearing the end of their plan term. Accordingly, the Court ordered that the Debtors must file an amended chapter 13 plan such that the Court could convene a confirmation hearing on February 11, 2020, on sufficient notice (the "Confirmation Hearing Order"). *See* Order at 1, ECF No. 45. The Court's records indicate that the Debtors have not filed an amended chapter 13 plan or any other pleadings since the Confirmation Hearing. There is now insufficient time to file a plan on sufficient notice to convene a confirmation hearing on February 11, 2020.

The Debtors have neither complied with the Confirmation Hearing Order nor made any other attempt to address the concerns raised by the Court at the Confirmation Hearing. Thus, it appears to the Court that the Debtors are not taking seriously their responsibility to address the issue of whether they have pledged all of their income to their chapter 13 plan, which relates directly to the Debtors' ability to maximize repayment to creditors while they receive the benefits and protections afforded to them under chapter 13. This conduct calls into question the Debtors' good faith.

A chapter 13 bankruptcy case may be dismissed for lack of good faith. *In re Uzaldin*, 418 B.R. 166, 173 (Bankr. E.D. Va. 2009). The Court has the authority pursuant to 11 U.S.C. §§ 105(a) and 1307(c) to dismiss a case for lack of good faith on its own motion if necessary to prevent an abuse of process. *See id.*; *In re Brown*, 399 B.R. 162, 165 (Bankr. W.D. Va. 2009). Good faith is

assessed based upon the totality of the circumstances, which includes an inquiry into the following non-exhaustive list of factors:

> the nature of the debt; whether the debt would be non-dischargeable in a chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Uzaldin*, B.R. 418 at 173–74. The basis for the court's good faith determination is "fundamental fairness." *Id.* at 173.

Bankruptcy courts also possess both statutory and inherent authority to sanction bad faith conduct. A bankruptcy court's statutory authority arises under 11 U.S.C. § 105(a), which permits the Court to issue "any other, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). The court may invoke its statutory authority under § 105(a) so long as doing so does not explicitly contravene any other provision of the Bankruptcy Code. *Law v. Siegel,* 571 U.S. 415, 421 (2014). Distinct from a bankruptcy court's statutory is its inherent authority, as a federal court, to impose sanctions for bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("If in the informed discretion of the court, neither the statute nor the [r]ules are up to the task, the court may safely rely on its inherent power [to sanction bad faith conduct]."); *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 477 (6th Cir. 1996) ("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct."). The United States Supreme Court cautions that a court's inherent authority must be exercised "with restraint and discretion." *Chambers*, 501 U.S. at 44. A court can invoke its inherent authority to impose sanctions on its own motion. *See Deville v. Cardinale* (*In re Deville*), 280 B.R. 483, 495 (B.A.P. 9th Cir. 2002) (stating that imposing

sanctions *sua sponte* under a court's inherent power is justified against a party who willfully disobeys a court order or acts in bad faith).

In this matter, it appears that the Debtors may not be proceeding in good faith because the budgets they filed in support of the Confirmed Plan and the Amended Plan suggest that they have accumulated and expended undisclosed income during this case, and they have failed to file another amended plan in accordance with the Confirmation Hearing Order. Accordingly, the Court finds that the Debtors and their counsel should appear before the Court and show cause why the Court should not dismiss the above-captioned case with prejudice for no less than five (5) years pursuant to 11 U.S.C. §§ 105(a) and 1307(c), or in the alternative, impose sanctions pursuant to the Court's statutory or inherent authority, including but not limited to, the denial of the discharge of all scheduled debts.

Accordingly, the Court ORDERS **Tory Heath Hester** and **Etoy Antonnette Hester** to appear with counsel at the **United States Bankruptcy Court, 600 Granby Street, Fourth Floor, Courtroom Two, Norfolk**, **Virginia**, at **10:30 a.m.** on **February 11, 2020**, and show cause why the Court should not dismiss this bankruptcy case with prejudice for a period of no less than five (5) years, or in the alternative, impose sanctions including but not limited to, the denial of the discharge of all scheduled debts.

The Clerk shall deliver copies of this Order to the Debtors, counsel for the Debtors, the Chapter 13 Trustee, and all creditors and parties in interest.

IT IS SO ORDERED.

Jan 24 2020

/s/ Frank J. Santoro
FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered on Docket: Jan 24 2020