# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-72418-FJS |
| TORY HEATH HESTER, ) | |
| ETOY ANTONNETTE HESTER, ) | |
| ) | Chapter 13 |
| *Debtors*. ) | |
| ) | |

## ORDER MODIFYING ORDER TO SHOW CAUSE AND SETTING CONTINUED HEARING

Tory Heath Hester and Etoy Antonnette Hester (the "Debtors") filed the above-captioned case, by counsel, on July 15, 2015. The Debtors filed an amended chapter 13 plan on September 22, 2015, that was confirmed without objection by order entered on November 9, 2015 (the "Confirmed Plan"). The Debtors filed a second amended chapter 13 plan on August 14, 2019 (the "Amended Plan"). The Court scheduled a confirmation hearing on the Amended Plan for September 24, 2019 (the "Confirmation Hearing"). Counsel for the Debtors, the Chapter 13 Trustee, and counsel for the Chapter 13 Trustee appeared at the Confirmation Hearing. At the Confirmation Hearing, the Court stated that, upon review of the Amended Plan and the Confirmed Plan, it appeared that the Debtors had accumulated and spent undisclosed income over the course of this case.

The Court determined that the Debtors would be given an opportunity to address the Court's concerns in the context of another amended plan. To accommodate Mr. Hester's overseas work schedule, the Court permitted the Debtors and their counsel significantly longer than is typical to complete the review necessary to propose another amended plan. The Court expressed, however, that protracted proceedings to resolve the issues identified by the Court would not be

possible in this case because the plan term of sixty (60) months would soon expire.[1] Accordingly, the Court ordered that the Debtors file an amended chapter 13 plan such that the Court could convene a confirmation hearing on February 11, 2020, on sufficient notice (the "Confirmation Hearing Order"). *See* Order at 1, ECF No. 45.

The Debtors failed to file an amended plan as required by the Confirmation Hearing Order or request relief from the terms of the Confirmation Hearing Order. Accordingly, the Court entered an order on January 24, 2020, requiring Tory Heath Hester and Etoy Antonnette Hester to appear with counsel and show cause as to why the Court should not dismiss the above-captioned case with prejudice for no less than five (5) years pursuant to 11 U.S.C. §§ 105(a) and 1307(c), or in the alternative, impose sanctions pursuant to the Court's statutory or inherent authority, including but not limited to, the denial of the discharge of all scheduled debts (the "Order to Show Cause"). The Bankruptcy Noticing Center sent a copy of the Order to Show Cause to the Debtors via first class mail. BNC Certificate at 6, ECF No. 48. The Court adopts and incorporates by reference into this Order the entirety of the Order to Show Cause except as it is specifically modified herein.

The Court convened the hearing on the Order to Show Cause on February 11, 2020 (the "Show Cause Hearing"). As of the date of the Show Cause Hearing, the Debtors had still not filed an amended plan or any other pleadings. Counsel for the Debtors and counsel for the Chapter 13 Trustee appeared at the Show Cause Hearing. Notwithstanding the clear language in the Order to Show Cause that specifically directed their appearances at the Show Cause Hearing, Tory Heath Hester and Etoy Antonnette Hester neither appeared nor requested relief from the Order to Show Cause prior to the Show Cause Hearing. Counsel for the Debtors represented to the Court that Mr.

---

[1] The plain language of the Bankruptcy Code prohibits bankruptcy courts from approving a chapter 13 plan term that is longer than sixty (60) months. 11 U.S.C. § 1322(d)(1), (2); 1329(c).

Hester was not present at the Show Cause Hearing because of his work commitments overseas. Counsel for the Debtors provided no explanation for Mrs. Hester's failure to abide by the Order to Show Cause, attributing her failure to appear to "confusion" and "communication issues." Given that the Debtors did not appear and he was therefore unable to present a defense to the Order to Show Cause, counsel for the Debtors requested a continuance of the Show Cause Hearing.

The Court afforded the Debtors more than four months to respond to its concerns regarding their apparent undisclosed income. To date, the Debtors have ignored the terms of two of this Court's orders—the Confirmation Hearing Order and the Order to Show Cause—leaving the Court with no more information to enable it to make a reasoned disposition of the issues in this case than it had at the Confirmation Hearing on September 24, 2019. The Court cannot countenance the disregard of its Orders or continued delays in this case. However, to permit the Debtors a full and fair opportunity to present their case to the Court, the Court determined the Order to Show Cause should be modified and the Show Cause Hearing continued to afford the Debtors and their counsel a final opportunity to file an amended plan and/or other pleadings necessary to bring a resolution to the issues described in detail in the Order to Show Cause. The Court also determined that it should defer making any specific findings of civil contempt for the Debtors' failure to appear at the Show Cause Hearing until the continued hearing is held.

Accordingly, the Court finds that the Order to Show Cause should be modified to require the filing of at least one of the following by no later than March 12, 2020: (1) an amended chapter 13 plan that includes in Section 12 a detailed explanation as to how the amendment addresses the issues outlined in the Order to Show Cause regarding the undisclosed income that the Debtors appear to have accumulated during this case; (2) a joint motion between the Debtors and the Chapter 13 Trustee that proposes for the Court's consideration an agreed resolution to the Order

to Show Cause; or (3) a motion to withdraw as counsel.[2]  The Court further finds the Show Cause Hearing should be continued to April 7, 2020.

Further, in the Order to Show Cause, the Court warned that it appears that the Debtors are not taking seriously their duty to address the disclosure issues in this case, which relate directly to their ability to maximize the repayment to their creditors while the Debtors continue to benefit from the protections afforded to them under the Bankruptcy Code.  The Court must again admonish the Debtors that the continued inactivity in this case and their lack of cooperation, as evidenced by their failure to abide by this Court's orders, calls into question their good faith.  As a result, the Court finds that that the Order to Show Cause should be modified to require that the Debtors show cause why the Court should not **both** dismiss the above-captioned case with prejudice for no less than five (5) years pursuant to 11 U.S.C. §§ 105(a) and 1307(c) **and** impose sanctions pursuant to the Court's statutory or inherent authority, including but not limited to, the denial of the discharge of all scheduled debts.

Accordingly, for the reasons stated herein, the Court ORDERS that the terms of the Order to Show Cause are modified as follows:

1. At least one of the following must be filed no later than March 12, 2020: (1) an amended chapter 13 plan that includes in Section 12 a detailed explanation as to how the amendment addresses the issues outlined in the Order to Show Cause regarding the undisclosed income that the Debtors appear to have accumulated during this case; (2) a joint motion between the Debtors and the Chapter 13

---

[2]   The Court has made no determination that the filing of a motion to withdraw is necessary or appropriate in this case.  The decision to file a motion to withdraw is left to the sole discretion of counsel for the Debtors.

    Trustee that proposes for the Court's consideration an agreed resolution to the Order to Show Cause; or (3) a motion to withdraw as counsel for the Debtors.

2. The Show Cause Hearing is continued to April 7, 2020, at 11:30 a.m. at the United States Bankruptcy Court, 600 Granby Street, Fourth Floor, Courtroom Two, Norfolk, Virginia.

3. **Tory Heath Hester** and **Etoy Antonnette Hester** must appear with counsel at the **United States Bankruptcy Court, 600 Granby Street, Fourth Floor, Courtroom Two, Norfolk, Virginia,** at **11:30 a.m.** on **April 7, 2020**, and show cause why the Court should not **both** dismiss this bankruptcy case with prejudice for a period of no less than five (5) years **and** impose sanctions, including but not limited to, the denial of the discharge of all scheduled debts.

The terms of the Order to Show Cause shall remain in full force and effect in all other aspects.

The Clerk shall deliver copies of this Order to the Debtors at their address of record via first class U.S. Mail, postage prepaid and by FedEx standard overnight with proof of delivery. The Clerk shall also deliver copies of this Order to counsel for the Debtors, the Chapter 13 Trustee, and all creditors and parties in interest.

IT IS SO ORDERED.

Feb 18 2020

/s/ Frank J. Santoro

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered on Docket: Feb 19, 2020